• The opinion of the court was delivered by
Spencer, J.
E. Carlin owned in common with his eight minor children a tract of land in St. Mary parish; said children owning one half, in right of their deceased mother.
In 1870 Carlin entered into a contract of partnership with Felix Birg, to cultivate this land ; Carlin agreeing to furnish the land and supervise the cultivation ; Birg to advance the money for that purpose, without interest, etc. It was further agreed that “all buildings, including the *1132 sugar-house and its appurtenances, and fences are to be built at the expense” of Carlin.
It seems that Carlin, from time to time, obtained money from Birg which he used in whole or part in building the sugar-house, and other improvements on the land, until, in May, 1871, the loans by Birg to Carlin amounted to several tho usand dollars. Birg.became uneasy about the debt, and insisted that Carlin should give him a mortgage to secure it, not only on his own half of the property, but upon that of his minor children, of whom Carlin-was natural tutor.
Carlin, thereupon, presented a petition to the. probate court, setting out that he owned this property in common with his children; that he had borrowed money from Birg, and expended the same in improving the place, thereby benefiting said minors, and had given Birg his notes therefor. He prayed the convocation of a family meeting to authorize and advise his securing said debt to Birg by a mortgage of the whole property, including thstt of the minors.
The family meeting was convened, and so advised. Their deliberations were homologated, and Carlin executed the mortgage accordingly, to secure his notes for $8500 given to Birg.
This suit is brought by Birg’s administratrix against Carlin to enforce that mortgage. The under tutor of some of the minors, and others of the said children arrived at majority, intervene and oppose the plaintiff, In so far as she seeks to enforce her claim on their half of the property, alleging that they owed Birg nothing, and that the mortgage was granted Illegally and without consideration as to them; that the debt was that of their father and not for their benefit, etc. There was judgment for plaintiff, and intervenors and defendant appeal.
There is no doubt that Birg loaned Carlin money, and that considerable sums of this money were expended by Carlin in putting up a sugar-house and other improvements upon the common property. But it is not pretended that in borrowing money from Birg he acted as tutor, or in the name or behalf of his minor children, or that he had any authority whatever from the court so to do. These loans were effected in his own name, from his partner, to carry out his own obligation to put certain improvements upon the property put by him into the partnership. There is no pretense that Birg loaned the money to him •as tutor, or on the faith or credit of the minors.’ This planting partnership was an affair in which the minors had no interest or concern, and were in no way to be profited. It was a speculation of Carlin and Birg’s, and the sugar-house was put up that they might profit by it. It was only after disaster stared them in the face that they bethought themselves of saddling half this debt on the minors. Carlin owed Birg. The minors owed Birg nothing. They may or may not owe their tutor ; *1133 that will depend upon the extent to which their property has been enhanced in value, and upon the state of accounts between them and their tutor. There is evidence in this record tending to show that their tutor owed them largely' — far more than they could ever owe him for these improvements of their property. It being clear, therefore, that the minors owed Birg nothing, and rendered more than probable that their father owed them far more than would re-imburse Mm for useful improvements, there was no foundation or basis for a mortgage upon their property. They could not be thus made security for his debt to Birg. The law does not allow such a transaction between a tutor and his wards. Even if the ward owes the tutor the latter can not enforce the debt until the tutorship expires. What he can not do himself he can not do by interposing his creditors, or by subrogating them to his rights. The very best phase that can be put upon the facts of this case for plaintiff, would be that the minors owed Carlin, and that he owed plaintiff. But, as we have seen, a tutor’s rights are not executory against the minors pending the tutorship, and can only be ascertained and become executory on final settlement of the tutorship.' Besides, it does not follow that because a tutor has expended a given amount of money in constructing buildings upon bis wards’ property that, therefore, he is to be credited with that amount. The expenditure must be useful and beneficial. It is easy to see that a minor’s estate might be absorbed and swallowed up by injudicious and unauthorized improvements beyond his means and ability to pay. Such improvements, while costing thousands, might in reality bankrupt instead of enhancing his fortunes. Once admit the right of a tutor to “improve” ad libitum, and there is an end of protection for the ward. Upon the face of the tutor’s application in this case, the family meeting and the court should have refused the authority to mortgage the minors’ property. Even when the forms of law have been complied with, courts will look behind them to protect minors from loss in matters of contract. C. C. 1866 and 1867. Those who deal with minors must, at their peril, be prepared to vindicate the bona Udes and justice of their demands.
It is therefore ordered, adjudged, and decreed that the judgment appealed from, in so far as it rejects the demands of intervenors and subjects their half of the property in question to plaintiff’s debt and mortgage, be annulled, avoided, and reversed; and it is now ordered that the opposition of intervenors be sustained, and that they have judgment against plaintiff, and that their half of said property be decreed not subject to the debt and mortgage asserted by plaintiff.
It is further ordered that intervenors recover of plaintiff the c ists of their intervention in both courts. That in other respects said judgment is affirmed. t